UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BELEN COLON, MERCEDES                               **DECISION AND ORDER**
VAZQUEZ SIMMONS,

               Plaintiffs,                     6:20-CV-06465 EAW

       v.

MONROE COUNTY BOARD OF ELECTIONS,
MONROE COUNTY,

               Defendants.
_____

## I.    <u>INTRODUCTION</u>

Pending before the Court is a motion to dismiss filed by defendants pursuant to

Federal Rule of Civil Procedure 12(b)(6).  (Dkt. 4).  For the reasons set forth below, the

motion is granted and the complaint is dismissed without prejudice.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action was commenced on July 7, 2020, by the filing of a *pro se* complaint.

(Dkt. 1).  The complaint was drafted using a *pro se* complaint form for violation of civil

rights.  (*Id.*).  On the first page of the complaint, the caption identifies two plaintiffs—

Belen Colon ("Colon") and Mercedes Vazquez Simmons ("Simmons") (hereinafter

collectively "Plaintiffs").  (*Id.* at 1).  However, under Colon's and Simmons' names is "See

attached list", and the final page of the complaint contains a list of 35 additional names, all

of whom apparently reside in different apartments at 100 Boriquen Plaza in Rochester,

New York.  (*Id.* at 8).  The instructions on the form complaint provide for a plaintiff's

signature for parties without an attorney, wherein a certification is made pursuant to Federal Rule of Civil Procedure 11 and the plaintiff agrees to keep the Clerk's Office apprised as to his or her current address. (*Id*. at 7). Only Colon and Simmons signed the complaint. (*Id*.).

Similar inconsistencies exist with respect to the defendants named in the action. The caption identifies "Monroe County Board of Elections, County of Monroe" as the defendant or defendants (*id*. at 1), and then in the portion of the form complaint where it requests the identity of each defendant, for "Defendant No. 1" the name is identified as "Monroe County Board of Elections" and then under "Job or Title" it states "Lashana D. Boose, Acting D. Commissioner" and under "Address" it states "Lisa P. Nicolay, R. Deputy Commissioner." (Dkt. 1 at 2). Both "individual capacity" and "official capacity" are checked for this defendant. (*Id*.). For "Defendant No. 2" the name is identified as "County of Monroe" and then under "Job or Title" it states, "County Executive." (*Id*.). Again, both "individual capacity" and "official capacity" are checked for this defendant. (*Id*.). Although additional space for "Defendant No. 3" and "Defendant No. 4" exists on the form complaint (*id*. at 3), no additional defendants are identified. The civil cover sheet that accompanied the complaint only identified the defendants as "Monroe County Board of Elections" and "County of Monroe". (Dkt. 1-1).

The facts in the complaint relate to events occurring at a polling location on June 23, 2020, at the Baden Street Settlement located at 13 Vienna Street in Rochester, New York, during a primary election, wherein certain voters were allegedly unable to vote for Hilda Rosario Escher ("Rosario Escher"), a candidate for a New York State Senate seat.

(*Id*. at 4).  Plaintiffs allege that the polling site was changed from "Los Flamboyanes, 100 Boriquen Plaza" at the "last minute."  (Dkt. 1 at 4).  Colon alleges that her daughter Simmons rented a minivan and picked up Colon and her neighbor Pamela Reeves to transport them to the Vienna Street polling site.  (*Id*. at 4).  Simmons also allegedly then stopped at 100 Boriquen Plaza and picked up "two other voters and Luis Ortiz."  (*Id*.).  The complaint goes on to allege that they arrived at the Vienna Street polling location where various COVID-19 protocols were not being followed, and Luis Ortiz ("Ortiz") was told he could not vote because he was not registered to a party.  (*Id*.).  Ortiz and Simmons disputed this information and demanded an affidavit ballot, but Rosario Escher was not listed on the prefilled affidavit ballot.  (*Id*.).  There were also difficulties in communication because there was no interpreter at the location.  (*Id*.).  Then it is alleged that "all four voters" were finally given ballots but Rosario Escher's name was not listed.  (*Id*.).  The complaint alleges that they eventually tried to write in Rosario Escher's name, who was the "only Latina candidate," but the machine rejected their ballots.  (*Id*.).  The complaint alleges violations of the constitutional right to vote and the Voting Rights Act, with statutory references to 52 U.S.C. §§10503 and 4(e), and 42 U.S.C. §§ 1973 and 1983.  (*Id*. at 6).

Less than two weeks after the complaint was filed, a notice of appearance was filed on behalf of "BELEN COLON, MERCEDES VAQUEZ SIMMONS, ET AL." by Carlos Rodriguez, Esq. and Theodore S. Kantor, Esq.  (Dkt. 2).  Four days later, an affidavit of service was filed by Mr. Kantor reflecting service of the summons and complaint on the Monroe County Board of Elections on July 9, 2020, by delivering the same to Lashana

Boone, Acting Commissioner, who stated that she was authorized to accept service on behalf of the Board of Elections (Dkt. 3), and another affidavit of service was filed by Mr. Kantor reflecting service of the summons and complaint on the County of Monroe on July 9, 2020, by delivering the same to Brendon Fleming, Senior Deputy County Attorney, who stated that he was authorized to accept service on behalf of the County (Dkt. 3-1).

On July 30, 2020, the pending motion to dismiss was filed by the County Attorney's Office on behalf of "defendants, Monroe County Board of Elections, and County of Monroe, and named defendants Adam J. Bello, County Executive, Lashanna D. Boose, Democratic Commissioner, and Lisa P. Nicolay, Republican Commissioner," with it being maintained that the individual defendants were never properly served. (Dkt. 4-1 at 1; Dkt. 4-2 at 4). However, insufficient service of process is not a basis for the pending motion to dismiss. Instead, the pending motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Simmons lacks standing because she does not allege that she attempted to vote at the Vienna Street polling location, personal involvement by the individual defendants is not sufficiently alleged, and the complaint otherwise fails to state a cause of action pursuant to 52 U.S.C. § 10503, section 2 of the Voting Rights Act, codified at 52 U.S.C. § 10301(a), and 42 U.S.C. § 1983. (Dkt. 4-2).

Plaintiffs filed a response in opposition to the motion to dismiss on August 18, 2020. Included within Plaintiffs' opposition is an affidavit from Simmons wherein she contends that she was denied the right to vote on June 23, 2020, at her polling location at 57 St. Paul Street in Rochester, New York, and prior to that at an early voting location on Arnett Boulevard. (Dkt. 11 at ¶ 5). Plaintiffs also submitted ten additional affidavits from

individuals listed as residing at 100 Boriquen Plaza on the final page of the complaint (Dkt. 7; Dkt. 8; Dkt. 9; Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15; Dkt. 16; Dkt. 17; Dkt. 18), as well as an affidavit from J. Roberto Burgos depicting a plot by Monroe County Board of Elections officials (including Lashanna Boose) to eliminate Rosorio Escher as a candidate and the elimination of the polling site historically used by the Latino community.  (Dkt. 10).  In Plaintiffs' memorandum of law submitted in opposition to the pending motion, they argue that all defendants were properly served with the summons and complaint, and that plausible claims are asserted pursuant to section 2 of the Voting Rights Act and 42 U.S.C. § 1983.  (Dkt. 19).  Plaintiffs do not contend that any other claims are asserted in the complaint.

Defendants filed a reply memorandum of law on August 27, 2020, arguing that all of the affidavits should be disregarded by the Court because they contain new facts and allegations not set forth in the complaint and are in the improper form.  Defendants also argue that the individual defendants were never properly served (Dkt. 20 at 10-11), that the individuals purporting to be plaintiffs were not sufficiently identified as such in the complaint (*id*. at 11-12), that the claims in the affidavit about the polling place being moved from the Los Flamboyanes building were not alleged in the complaint (*id*. at 12), and that the complaint should not be construed as a *pro se* complaint as Mr. Kantor appeared prior to the expiration of the deadline to respond to the complaint and had ample opportunity to amend the complaint as of right if he felt the *pro se* complaint was lacking (*id*. at 12-13).

III.   **ANALYSIS**

A.     Rule 12(b)(6) Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). "More specifically, the plaintiff must allege enough facts to show 'more than a sheer

possibility that a defendant has acted unlawfully.'"  *Ebomwonyi v. Sea Shipping Line*, 473

F. Supp. 3d 338, 344 (S.D.N.Y. 2020) (quoting *Iqbal*, 556 U.S. at 678).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal

construction of their pleadings, which should be read 'to raise the strongest arguments that

they suggest.'"  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted);

*see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen [a] plaintiff

proceeds *pro se* . . . a court is obliged to construe [her] pleadings liberally, particularly

when they allege civil rights violations.").  "Nevertheless, 'to survive a motion to dismiss,

a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its

face.'"  *Ebomwonyi*, 473 F. Supp. 3d at 346 (citations omitted).  Furthermore, where a *pro

se* party actually received the assistance of counsel, allowing that party "to have the benefit

of the liberal pleadings standard of *pro se* parties when he had the assistance of counsel,

would be fundamentally unfair."  *CIT Group/Commercial Servs. v. Prisco*, 640 F. Supp.

2d 401, 407 (S.D.N.Y. 2009) (citations omitted); *see also Kurian v. Forest Hills Hosp.*,

962 F. Supp. 2d 460, 467 (E.D.N.Y. 2013) (declining to adopt liberal pleading standard

applicable to *pro se* party where plaintiff was assisted by practicing attorney);

*Raghavendra v. Trs. of Columbia Univ.*, No. 06 Civ. 6841(PAC)(HBP), 2008 WL

2696226, at *13 n.5 (S.D.N.Y. July 7, 2008) ("When . . . complaints drafted by attorneys

are filed bearing the signature of a plaintiff outwardly proceeding *pro se*, the indulgence

extended to the *pro se* party has the perverse effect of skewing the playing field rather than

leveling it.  The *pro se* plaintiff enjoys the benefit of the legal counsel while also being

subjected to the less stringent standard reserved for those proceeding without the benefit

of counsel.  This situation places the opposing party at an unfair disadvantage, interferes with the efficient administration of justice, and constitutes a misrepresentation to the Court." (quoting *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va.1997)).

       B.     <u>The Plaintiffs in this Action</u>

The Court first addresses who has been properly named as a plaintiff in this action. As noted above, only Colon and Simmons were expressly identified in the caption of the complaint, and they are also the only two individuals who signed the complaint.  Yet, attached to the complaint is a list of 35 individuals apparently residing at 100 Boriquen Plaza, some of whom have also allegedly signed affidavits concerning their interactions at the Vienna Street polling site on June 23, 2020.

"[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).  Thus, as *pro se* parties, Colon and Simmons are certainly free to represent themselves, but they may not act on behalf of other individuals (or each other). *See Ebomwonyi*, 473 F. Supp. 3d at 346 (S.D.N.Y. 2020) (where plaintiff's name appeared in the amended complaint, but he did not sign it, claims as to that plaintiff dismissed without prejudice as another *pro se* plaintiff could not assert claims on his behalf); *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 484-85 (S.D.N.Y. 2014) (where amended complaint was

signed by only one plaintiff, it applied to that plaintiff only); *Zimmerman v. Todd*, No. 12-CV-763A, 2014 WL 6865425, at *1 (W.D.N.Y. Dec. 1, 2014) (*pro se* plaintiff "may not act on behalf of the remaining plaintiffs, but only on behalf of himself"); *In re Texaco Inc. S'holder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000), *aff'd*, 28 F. App'x 83 (2d Cir. 2002) ("It is well-established, however, that this right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another.").

Accordingly, because the complaint was filed by Colon and Simmons proceeding *pro se*, they are the only two plaintiffs in this action.  The Court evaluates the claims as asserted on behalf of each of them only.

C.    The Defendants in this Action

As noted above, it is not entirely clear that the individual defendants were actually named as defendants in this action—as opposed to the County of Monroe and the Monroe County Board of Elections (hereinafter collectively "Defendants").  Moreover, there appear to be significant questions as to whether the individual defendants were ever served with process.  However, Defendants did not file the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  *See Jackson v. City of New York*, No. 14-CV-5755 GBD KNF, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." (quoting 5B Wright & Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)).  In their initial motion papers, Defendants indicate in a footnote that the individual defendants were not served with a summons and complaint and they are not waiving their jurisdictional objections (Dkt. 4-2 at 4 n.1), but that argument was never

developed until the reply memorandum of law when Defendants devoted an entire section to arguing that the individual defendants were never served with process (Dkt. 20 at 10-11).

To be clear, the Court has serious questions as to whether the individual defendants were even named as defendants, let alone served with process.  However, the Court does not reach that issue because Defendants failed to properly raise the issue in the pending motion, by only dropping a reference to it in a footnote in the initial memorandum of law, *see, e.g., F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014) ("It is well settled . . . that a court need not consider arguments relegated to footnotes[.]"); *Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 256 n.4 (S.D.N.Y. 2009) ("[B]ecause the argument is made wholly in a footnote . . ., the Court may choose to disregard it."); *cf. Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.") (citation omitted), and raising it for the first time in the body of the reply memorandum of law, *see Jiles v. Rochester Genesee Reg'l Transp. Auth.*, 317 F. Supp. 3d 695, 701 (W.D.N.Y. 2018) ("[i]t is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party" (citation omitted)).

However, the Court does agree with the individual defendants that no claims have been plausibly alleged against them in the complaint.  None of the individual defendants are even mentioned in the body of the complaint, and no action by any of these individuals

is referenced.[1]   Thus, there are no claims plausibly asserted against the individual defendants and any such claims are dismissed without prejudice.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (post-*Iqbal*, "there is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) ("A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority.  Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal alterations, quotations, and citations omitted)); *Aho v. Anthony*, 782 F. Supp. 2d 4, 7 (D. Conn. 2011) (dismissing § 1983 claims where plaintiff failed to allege the defendants' personal involvement in the alleged violation of his right to vote).

   D.   The Materials Properly Considered on this Motion

   In opposition to the motion to dismiss, Plaintiffs submit a number of affidavits and argue that issues of fact preclude dismissal of the complaint.  Of course, that is not the standard on a motion to dismiss.  Moreover, "[b]ecause a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a

---

[1]    To the extent that Plaintiffs attempt to assert claims against the individual defendants in their official capacities, any such claims would be duplicative of the claims asserted against Monroe County and the Monroe County Board of Elections, and thus are subject to dismissal on that ground as well.  *See Phillips v. County of Orange*, 894 F. Supp. 2d 345, 385 n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant." (collecting cases)).

court adjudicating such a motion may review only a narrow universe of materials."
*Ebomwonyi*, 473 F. Supp. 3d at 344-45 (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559
(2d Cir. 2016)).  The affidavits submitted by Plaintiffs are not within the scope of materials
that a court may review on a motion to dismiss pursuant to Rule 12(b)(6).

It is true that Rule 12(d) provides the circumstances in which a motion to dismiss
may be converted to a motion for summary judgment:

> If, on a motion to dismiss under Rule 12(b)(6) or 12(c), matters outside the
> pleadings are presented to and not excluded by the court, the motion must be
> treated as one for summary judgment under Rule 56.  All parties must be
> given a reasonable opportunity to present all the material that is pertinent to
> the motion.

Fed. R. Civ. P. 12(d).  Whether the Court should convert or decide the motion to dismiss
on the pleadings alone is a discretionary decision.  *See Friedl v. City of New York*, 210 F.3d
79, 83 (2d Cir. 2000) (explaining that a district court may choose between conversion or
exclusion of extra-pleading materials presented in response to a 12(b)(6) motion).

Here, the Court does not find that it would be appropriate to convert the motion to
one for summary judgment.  Among other reasons, the litigation is in its infancy, and
Defendants have raised legitimate questions concerning the form of the various affidavits
submitted by Plaintiffs—which go far beyond the allegations in the complaint and attempt
to raise entirely new claims and allegations.  Thus, the Court will not consider the affidavits
nor convert this motion to one for summary judgment.  Rather, the Court will turn its
attention to the allegations in the complaint and whether they plausibly assert a claim.

E.    Section 2 of the Voting Rights Act

Plaintiffs allege in the complaint that 42 U.S.C. § 1973 was violated.  (Dkt. 1 at 6).[2]

That section is now codified at 52 U.S.C. §10301, and is commonly referred to as section

2 of the Voting Rights Act.  "In order to maintain an action under § 2 of the Voting Rights

Act, plaintiffs must prove that (1) a 'standard, practice, or procedure' (2) impairs the ability

of minority voters to participate equally in the political process and to elect candidates of

their choice."  *Coleman v. Bd. of Educ. of City of Mount Vernon*, 990 F. Supp. 221, 226-

27 (S.D.N.Y. 1997).  "No showing of discriminatory intent is required to prove a violation

of § 2."  *Id.* at 227.  However, "[w]ith regard to the first factor in the § 2 analysis, a

---

[2]      In the complaint, Plaintiffs also reference 52 U.S.C. § 10503 and Section 4(e).
Section 4(e) of the Voting Rights Act of 1965 was codified at 42 U.S.C. § 1973b(e), but
"[i]n 1970, Congress amended the Voting Rights Act to prohibit all states from using any
literacy tests for a period of five years.  42 U.S.C. § 1973aa(a).  The sixth grade education
requirement of Section 4(e) was eliminated, thereby prohibiting the denial of the right to
vote in any election of any person educated in Puerto Rico, whatever the extent of his or
her education, where that denial was because of an inability to read, write or understand
the English language." *Torres v. Sachs*, 381 F. Supp. 309, 312 (S.D.N.Y. 1974).  42 U.S.C.
§ 1973aa has been transferred to 52 U.S.C. § 10501 and 42 U.S.C. § 1973b to 52 U.S.C.
§ 10303.  Plaintiffs make no argument about the plausibility of any claims under either
section in opposition to the motion to dismiss, and thus the Court concludes that Plaintiffs
are not pursuing any such claims.  If they were, it is unclear to the Court what the basis for
any such claim would be as no allegations in the complaint appear to address these statutory
provisions.
        Similarly, Plaintiffs make no reference to 52 U.S.C. § 10503 in their opposition
papers.  This provision prohibits certain practices that effectively exclude language
minorities from participating in the electoral process.  Defendants address this section in
their memorandum of law, arguing that Plaintiffs make no allegations about being deprived
the right to vote as a result of the lack of a Spanish interpreter, nor do they make any
allegations that either Simmons or Colon do not speak or understand English.  (Dkt. 4-2 at
8).  The Court agrees.  While there are allegations about an unnamed "voter" not being able
to speak English and Simmons providing assistance (Dkt. 1 at 5), as noted above, neither
Colon nor Simmons can pursue claims on behalf of third parties.

'standard, practice, or procedure' must be more than a 'run-of-the-mill mistake' that one would expect in the normal course of an election."  *Id.*; *see United States v. Jones*, 57 F.3d 1020, 1024 (11th Cir. 1995) ("We have found no case holding that an inadvertent error can constitute a standard, practice, or procedure under Section 2."); *Welch v. McKenzie*, 592 F. Supp. 1549, 1558 (S.D. Miss. 1984), *aff'd*, 765 F.2d 1311 (5th Cir. 1985) (isolated actions on the part of individuals resulting in errors in election "are simply not the type of 'standard, practice, or procedure' which was contemplated as the evil at which the Voting Rights Act was aimed").

Again, Colon and Simmons may only pursue claims on behalf of each of their own personal interests.  Therefore, reading the complaint with that in mind, it boils down to an allegation by Colon that she went to the polling site on the date of the primary and was provided a ballot without her candidate of choice listed; when she eventually tried to write in the name of the candidate of her choice, the machine rejected her ballot indicating an error because she voted for more than one person.  (Dkt. 1 at 5).  Colon alleges that the conduct of the poll workers on the date in question constituted discrimination because she was Latina, but her claims lack any factual support and are conclusory.  Moreover, there are no allegations in the complaint that Simmons' personal rights were infringed with respect to the election.

The Court notes that far greater allegations are contained in the affidavits submitted by Plaintiffs in opposition to the motion to dismiss.  But those allegations are not set forth in the complaint, and again, on a motion to dismiss, it would not be proper to review that extraneous evidence to ascertain whether a claim was stated.  Indeed, by relying on the

affidavits, Plaintiffs seem to implicitly acknowledge that the complaint, as it currently stands, does not adequately state a claim.

Accordingly, the Court concludes that the complaint fails to plausibly allege a violation of section 2 of the Voting Rights Act.  The Court reaches this conclusion even if it were to construe the complaint in accordance with the liberal standard typically afforded *pro se* pleadings, but the Court does not believe that standard applies here.  According to the allegations in the complaint, Mr. Rodriguez was contacted by Plaintiffs on the date of the incident, and while the complaint was filed as a *pro se* filing, both Mr. Kantor and Mr. Rodriguez appeared in this matter shortly thereafter.  Under the circumstances, the Court concludes that it would be a perverse application of the rule to liberally construe the complaint as a *pro se* pleading—but either way, it does not impact the result because even under a liberal construction, the complaint fails to plausibly allege a claim under section 2 of the Voting Rights Act.

F.     Section 1983 Claims[3]

"Only in extraordinary circumstances will a challenge to a state [or local] election rise to the level of a constitutional deprivation."  *Shannon v. Jacobowitz*, 394 F.3d 90, 93-94 (2d Cir. 2005) (citation omitted).  It is well-established in the Second Circuit that "in the absence of intentional conduct by state actors, election irregularities—such as voting

---

[3]     The complaint contends that Plaintiffs' "constitutional rights to vote for my candidate . . . were violated." (Dkt. 1 at 6).  The Court interprets this as Plaintiffs' attempt to assert a claim under the Due Process Clause of the Fourteenth Amendment.  *See generally Shannon v. Jacobowitz*, 394 F.3d 90 (2d Cir. 2005).  However, this is again an example of the deficiencies with the complaint, as Plaintiffs fail to clearly articulate the basis for their constitutional challenge.

machine malfunctions—do not constitute constitutional violations of due process under § 1983." *Hill v. Gunn*, 367 F. Supp. 2d 532, 534 (S.D.N.Y. 2005).  "Neither negligence nor incompetence on the part of election officials can support a federal claim absent purposeful, willful conduct."  *Id.* at 535; *see Bert v. New York City Bd. of Elections*, No. CV-06-4789(CPS), 2006 WL 2583741, at *4 (E.D.N.Y. Sept. 7, 2006) ("'[H]uman error is something we all have to live with,' and § 1983 was not enacted to deal with 'garden variety' election disputes such as this one." (citations omitted)); *see also Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (complaint containing only "conclusory allegation of discrimination" that was "without evidentiary support or allegations of particularized incident" could not withstand motion to dismiss (internal quotations and citations omitted)); *Gilmore v. Amityville Union Free Sch. Dist.*, 305 F. Supp. 2d 271, 278 (E.D.N.Y. 2004) (conclusory claims of discriminatory intent for defendants' decision to tabulate votes insufficient to state a § 1983 claim).

Here, the complaint fails to plausibly allege a § 1983 claim.  At best, what is alleged is that Colon was provided the wrong ballot for the district in which she lived, and when she wrote in the name of her preferred candidate, the machine did not accept her ballot. "Aside from a smattering of conclusory allegations in the . . . complaint, this Court is . . . unable to infer any discriminatory intent by the defendants." *Gilmore*, 305 F. Supp. 2d at 278.  Moreover, the allegation that the polling location was changed at the "last minute," without more, does not change the conclusion that a constitutional violation has not been alleged.  Again, the Court recognizes that additional allegations are contained in the

affidavits submitted in opposition to the motion to dismiss, but for the reasons previously discussed, those affidavits will not be considered on this motion.

G.      Request for Leave to Amend

In one of the final paragraphs of Plaintiffs' counsel's affidavit submitted in opposition to the motion to dismiss, he states: "in the event that the Court opines that an amended pleading . . . is required to effectuate the Plaintiffs' constitutional and statutory rights, we would respectfully request an Order of the Court permitting an Amendment of the Complaint. . . ." (Dkt. 6 at ¶ 25).  Plaintiffs' request is not a proper motion for leave to amend and fails to comply with the Local Rules of Civil Procedure.  In particular, Local Rule 15(a) provides, "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion," while Local Rule 15(b) requires parties represented by counsel to identify the proposed amendments "through the use of a word processing 'red-line' function or other similar markings. . . ."  L.R. Civ. P. 15(a), (b).

Because Plaintiffs have failed to comply with the Local Rules, the Court exercises its discretion in denying this "cursory or boilerplate request [ ] . . . made solely in a[n attorney affidavit] . . . in opposition to a motion to dismiss."  *Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 402 (2d Cir. 2009) (citation omitted).  "Although leave to amend a complaint should be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend."  *Ebomwonyi*, 473 F. Supp. 3d at 349 (citations and internal quotations omitted).  Moreover, "[a] court may also consider whether 'the amendment substantially changes the theory on which the case has been

- 17 -

proceeding,' or, alternatively, whether 'the new claims are related to the existing ones.'"
*Conti v. Doe*, No. 17-CV-9268 (VEC), 2019 WL 3936963, at *5 (S.D.N.Y. Aug. 20, 2019)
(citations omitted).  Here, given the considerable additional factual allegations set forth in
the accompanying affidavits, it is likely that any amendment would contain significantly
different claims and allegations.  Moreover, the Court notes that while the complaint was
purportedly filed as a *pro se* pleading, counsel appeared well within the time frame of filing
an amended complaint as of right, so if there were concerns, they could have been
addressed promptly by counsel, as opposed to waiting until Defendants filed a motion to
dismiss and then requesting leave to amend as an afterthought in opposition to the motion.
*See* Fed. R. Civ. P. 15(a)(1) (setting forth circumstances for amendment of pleading
without leave of court).  Under the circumstances, the Court is not willing to overlook
Plaintiffs' failure to file a procedurally-compliant request for leave to amend.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted, albeit without
prejudice as the Court cannot state that under no circumstances would Plaintiffs be able to
pursue claims under section 2 of the Voting Rights Act or 42 U.S.C. § 1983.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  March 25, 2021
        Rochester, New York

- 18 -